The opinion of the Court was delivered by
Pociié, J.
This controversy arises from the following facts, which we gather from the record, a statement of which, is necessary to a proper understanding and a correct appreciation of the issues presented by the pleadings.
Philip and Ann Hicky at their death, in East Baton Rouge, left a large estate, and five heirs, issue of their marriage,
Among the heirs were the issue of a pre-deceased daughter, Martha Hicky Walsh, one of whom, Louisa Walsh Mather, is represented by her surviving children, the plaintiffs in this case, whose mother died in Iberville Parish in 1861, and whose father, Charles Mather, was qualified as their natural tutor in 1865.
In 1869, a large sugar plantation, known as the Hope Estate, and other immovable property, and some movable property depending upon the successions of Philip and Ann Hicky, being held in indivisión by the heirs of said successions, a suit for partition was instituted by the heirs of age against Charles Matlior, as tutor of liis minor children, now represented by plaintiffs, and resulted in a partition by public sale of all the property hitherto held in indivisión by said parties.
At that sale the (< Hope Estate ” Plantation was adjudicated to Mrs. Adele Fowler, a daughter of Philip and Ann Hicky, who, in part payment of the purchase price, executed three notes of $6,250 each, secured by mortgage and vendor’s privilege on the plantation in question.
At the act of partition made in pursuance of the order of sale and partition, after charging the minor heirs of Louisa Walsh Mather with various sums received by her during her lifetime and by their tutor *411 since the death of their mother, it appeared that a balance of $4,058.83 was due to said minors.
On the 12th of March, 1871, Charles Mather, tutor, acknowledged in an authentic receipt, to have received payment in full of the balance thus accruing to his. minor children, and in the same act he ratified an investment made by his attorney, H. H. Walsh, the uncle of his children, of a sum of $4,C6'0.42, on a second mortgage on “ Hope Estate,” represented by two notes of Mrs. Adele Fowler, for the slim of $2,333.21 each, maturing respectively in 1872 and 1873.
Now, in 1873, at the suit of Fidel Eugster, as holder of the notes of Mrs. Adéle Fowler, secured by vendor’s privilege on Hope Estate Plantation, and hereinabove described, that property was seized and was adjudicated for a sum less than the amount of the notes, to James Mather, Fidel Eugster and Nathan K. Knox, the latter two being now the sole owners of the property.
The object of plaintiffs in this suit is to subject the Hope Estate Plantation to a mortgage and vendor’s privilege to secure the sum of $4,606.42, and interests, amount due to them by the purchaser at the partition sale, Mrs. Adéle Fowler, for the main reason that they have never received payment for their share in the purchase price of said Plantation.
In their petition they allege many irregularities and illegalities in the partition suit, which resulted in the sale of that Plantation and of other immovable property coming from the succession of their great grandfather; they charge that no one was ever appointed as their tutor, and many other defects, which would invalidate the sale of the Plantation and the titles of the defendants to the same. But the prayer of their petition, which determines the character of their action, is for the payment of their share of the purchase price of the Plantation, at the sale effected in the partition proceedings, and operates as a formal and binding ratification, on their part, of the validity of that sale, and eliminates from this controversy all allegations of irregularity or illegality of the proceedings culminating in the sale.
No one can be allowed to question the validity of a sale, and at the same time to judicially demand the proceeds of such sale.
The mortgage which was granted by Mrs. Fowler to secure the investment of the minors’ funds by their tutor, being second in rank to the mortgage and vendor’s privilege securing Mrs. Fowler’s notes held by Eugster, in execution of which the Plantation was adjudicated to defendants for less than the amount of the notes sued on, it followed under our laws that the second mortgage unsatisfied was extinguished quoad the property sold, which thus went into the hands of the pm- *412 chasers free of the mortgage granted in favor of plaintiffs. C. P. 707, 708.
The argument that the receipt of the tutor was not true, that the investment of the minors’ funds was injudicious and illegal, can have no effect as to the defendants, who cannot be held responsible for the errors and shortcomings of plaintiffs’ former tutor. Ilis receipt for the minors’ share in the purchase price was formal and authentic, and makes proof of itself; it cannot be contradicted by parol testimony. No law compels the tutor to consult a family meeting, or to obtain the authorization of the judge for the purpose of investing the minors’ funds on mortgage, in accordance with the provisions of our laws ordering and regulating such investments. C. C. 347, 348, 351.
If the tutor, colluding with the purchaser, falsely acknowledged receipt of the amount due to his children, which is very improbable, or if he jeopardized their interests by accepting in their behalf a second mortgage to secure the amount accruing to them from the succession which they inherited, he may be held responsible to them for his errors of judgment, or for his fraudulent mal-ad ministration, but in no possible contingency could the property, purchased by these defendants at a partition sale which has been ratified by plaintiffs themselves, as we have shown above, be subjected to a vendor’s privilege and first mortgage, when neither was created by the acts of the parties, and a fortiori never registered.
Plaintiffs have doubtless a right of action against the tutor for the acts of malfeasance with which they charge him, but they have shown no right against the defendants, or the property which they acquired in good faith at the partition sale through their vendor, Mrs. Fowler. Abner Lorn, Tutor, vs. Succession of Melice Antz, 9 R. 230.
The cases quoted from the 33d Annual Reports by plaintiffs’ counsel can give them no relief.
In the Succession of Antoine Mitchell, page 353, the contention was directly between the minor and her tutrix, whose acts in behalf of her ward, when not conforming to the requirements of the law, were stricken with nullity, and she was held personally responsible to her ward.
In the case of the Heirs of Self vs. Taylor, page 709, the heirs recovered property which they had inherited from their ancestor, on the ground of the illegality and nullity of the proceedings under which they had been expropriated, and it was shown by the evidence, that in receiving from their tutor the proceeds of the sale of the property which they revendieated, they were ignorant of the fact, and hence, their receiving the price, under such circumstances, could not be construed as a ratification of the sale.
*413 In the present case, plaintiffs, with full knowledge of all the facts which they themselves recite at length, claim a mortgage on the property sold, in payment of their share of the purchase price, and thus show a ratification which could hardly he made more formal and more binding.
The judgment of the lower court was in favor of the defendants; and, being correct, it is affirmed with costs.